# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1997A13991 |
| | § | |
| vs. | § | |
| | § | |
| Constance R. Milton aka Connie Ross | | |

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.  This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.  The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 71 Leonard Lane, Pontiac, Michigan 48342.

### The Debt

3.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $472.44 |
| B. Current Capitalized Interest Balance and Accrued Interest | $387.55 |
| C. Administrative Fee, Costs, Penalties | $87.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| E. Attorneys fees | $0.00 |
|---|---|
| **Total Owed** | **$946.99** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.000% per annum.

### Failure to Pay

4.  Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

CONSTANCE R. MILTON
AKA:   N/A
19314 PATTON
DETROIT, MI. 48219

SSI

Total debt due United States as of 05/28/97:   $ 733.35

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principle balance of $ 472.44 from 05/28/97 at the annual rate of 3.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.04 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 02/21/80, the debtor executed promissory note(s) to secure the loan(s) from MICHIGAN PARAPROFESSIONAL TRAINING INSTITUTE, SOUTHFIELD, MI.. under loan guaranty programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C 1087 et seq. (34 C.F.R. Part 674). The holder demanded payment according to the terms of the note(s), and on 01/01/85 the debtor defaulted on the obligation.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | |
|---|---|
| Principal: | $ 472.44 |
| Interest: | $ 173.91 |
| Administrative/ Collection Costs: | $ 87.00 |
| Penalties: | $ 0.00 |

CERITFICATION:  Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

6/12/97
_____
(Date)

M. Del Rosario
_____
Loan Analyst-Litigation Branch

NATIONAL DIRECT STUDENT LOAN PROGRAM
PROMISSORY NOTE

I, *Constance Milton* _____ promise to pay to Michigan Paraprofessi
Training Inst. hereinafter called the Lending Institution located at 21700 Northwestern Hw
Suite 515,    the sum of such amounts as may from time to time be advanced to me and endor
Southfieldhe Schedule of Advances set forth below together with all attorney's fees and ot
costs and charges necessary for the collection of any amount not paid when due.

I further understand and agree that:

I.  All sums advanced pursuant to this Note are drawn from a fund created under I
E of Title IV of the Higher Education Act of 1965, hereinafter called the Act, an
are subject to the Act and the Federal Regulations promulgated pursuant to the Ac
The terms of this Note shall be construed in accordance with the Act and Federal
Regulations, copies of which shall be kept by the Lending Institution.

II.  (1) Interest shall accrue from the beginning of the repayment period and sha
be at the rate of 3 per centum on the unpaid balance except that no interest shal
accrue during any period described in paragraph III (3).

(2) Except as provided in paragraph II (3) Repayment of principal, together
with interest thereon, shall be made over a period beginning 9 months after the d
on which I cease to be a least a half-time student at an institution of higher ed
cation or at a comparable institution outside the United States approved for this
purpose by the United States Commissioner of Education, and ending, unless paragr
III (3) applies, 10 years and 9 months after that date.  I may however request th
the payment period start on an earlier date.  I shall repay the principal and int
est over the course of the repayment period in equal monthly, bi-monthly or quart
installments, as determined by the Lending Institution, except that, if I request
such payments shall be made in graduated installments determined in accordance wi
such schedules as may be approved by the Lending Institution and the Commissioner
In either case, a schedule of repayment shall be attached to and made part of thi
Note.

(3) If the repayment schedule that would otherwise be established in accord-
ance with paragraph II (2) would provide for payments of principal and interest a
a rate of less than $30 per month, I shall repay the total amount of this Loan pl
the interest thereon at the rate of $30 per month, which shall include repayment
of principal and interest.  In the event I receive or have received National Dire
or Defense Student Loans from other lending institutions, I shall repay this Note
at a monthly rate equal to not less than the amount by which $30 exceeds the tota
monthly rate of principal and interest repaid on the other loans.  A schedule of
repayment shall be attached to and made part of this Note.  The Lending Instituti
may permit me to pay less than the rate of $30 per month for a period of not more
than one year where necessary to avoid hardship to me unless such an action would
extend the repayment period in paragraph (2) of this article.

III.  This Note is also subject to the following conditions:

(1) I may at my option and without penalty prepay all or any part of the pri
cipal, plus the accrued interest thereon, at any time.

(2) If I fail to meet a scheduled repayment of any of the installments due o
this Note, the entire unpaid indebtedness including interest due and accrued ther
on, shall, at the option of the Lending Institution, become immediately due and
payable.

(3) Interest shall not accrue, and installments need not be paid (A) while I
am enrolled and in attendance as at least a half time student at an institution o
higher education or at a comparable institution outside the United States approve
for this purpose by the Commissioner, or (B) for a period not in excess of 3 year
during which I am (i) on full-time active duty as a member of the Armed Forces of
the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard), (ii) in
service as a volunteer under the Peace Corps Act, or (iii) a VISTA volunteer unde
Title I-Part A of the Domestic Service Act of 1973, P.L. 93-113, (formerly
Title VIII of the Economic Opportunity Act of 1964).

The Lending Institution may, upon my application, defer or reduce any scheduled
repayments if, in the view of the Lending Institution, extraordinary circumstance
such as prolonged illness or unemployment, prevent me from making such payments.
However, interest shall continue to accrue.

(4) I am entitled to have the entire amount of this Loan plus the interest
thereon cancelled if I undertake service (A) as a full-time teacher in a public
or other nonprofit elementary or secondary school which is in a school district
of a local educational agency which is eligible for assistance pursuant to Title
I of the Elementary and Secondary Education Act of 1965 and which for the purpose
of this clause has been designated by the Commissioner in accordance with the pro-
visions of Section 465(a) (2) of the Higher Education Act as a school with a high
enrollment of students from low-income families, or (B) as a full-time teacher of
handicapped children (including mentally retarded, hard of hearing, deaf, speech
impaired, visually handicapped, seriously emotionally disturbed, or other health-
impaired children who by reason thereof require special education) in a public
or other nonprofit elementary or secondary school system.

MILTON,CONSTANCE R*
LOAN NO: 86060^2389 ( 08-11-87
SSN                              TD
                                 1

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

NAME [illegible signature] 04-25-07
DATE

This Loan shall be cancelled for teaching service in accordance with the following rates: 15 per centum of the total principal amount of the Loan plus interest thereon shall be cancelled for the first and second complete academic years of teaching service; 20 per centum of the total principal amount plus interest thereon for the third and fourth complete academic years of such service; and 30 per centum of the total principal amount plus interest thereon for the fifth complete academic year of such service.

(5) I am entitled to have the entire amount of this Loan plus the interest thereon cancelled if I undertake service as a full-time staff member in a pre-school program carried on under Section 222(a) (1) of the Economic Opportunity Act of 1964 (Head Start) at the rate of 15 per centum of the total principal amount of the Loan plus interest thereon for each complete school year or its equivalent of such service, if that Head Start program is operated for a period which is comparable to a full school year in the locality, and if the salary of such staff member is not more than the salary of a comparable employee of the local educational agency.

(6) If I serve as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this Loan plus the interest thereon shall be cancelled at the rate of 12 1/2 per centum of the total principal amount of the Loan plus interest thereon for each complete year of service in an area of hostilities that qualifies for special pay under Section 310 of Title 37 of the United States Code.

(7) If I should die or become permanently and totally disabled, the entire amount of this Loan plus the interest theron shall be cancelled.

(8) I am responsible for informing the Lending Institution of any change or changes in my address.

(9) If I fail to make timely payment of all or any part of a scheduled in-stallment, or if I am eligible for deferment or cancellation of payment (pursuant to paragraphs III (3), (4), (5), or (6)), but fail to submit timely and satisfactory evidence thereof, I promise to pay the charge assessed against me by the Lending Institution.  No charge may exceed (1) where the Loan is repayable in monthly in-stallments, $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter; or (2) in the case of a Loan which is repayable in bimonthly or quarterly installments, $3 and $6, respectively, for each installment interval or part thereof by which such installment or evidence is late.  If the Lending Institutions elects to add the assessed charge to the outstanding principal of the Loan, it shall so inform me prior to the due date of the next installment.

IV.  This Note may be assigned by the Lending Institution only (A) to another institution upon my transfer to that institution if that institution is partici-pating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose) or (B) to the United States if this Note has been in default for two years.  The provisions of this Note that relate to the Lending Insitution shall, where appropriate, relate to an assignee.

V.  I hereby certify that I have listed below all of the National Direct Student Loans (or National Defense Student Loans) I have obtained at other institutions. If no prior Loans have been received state "None".

SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS.

| AMOUNT | DATE | INSTITUTION |
|--------|------|-------------|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |

VI.  SCHEDULE OF ADVANCES

| | AMOUNT | DATE | TOTAL OF $ ADVANCES TO DATE | SIGNATURE OF MAKER |
|---|--------|------|------------------------------|---------------------|
| 1. | 1150 | 4-8-80 | 7/150 | Constance Miller |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

Signature  ✗ Constance Miller                    Date ✗ 2·21·80

Permanent Address  > 986 Spence        Ford.     Mich   48053
                   (Street or Box Number    City         State    Zip Code)

Caveat-This Note shall be executed without security and without endorsement, ex-cept that if I am a minor and this Note would not, under the law of the State in which the Lending Institution is located, create a binding obligation, either security or endorsement may be required.  The Lending Institution shall supply a copy of this Note to me.

Signature of Endorser _____    Date _____

Permanent Address _____
                  (Street or Box Number    City      State       Zip Code)

NATTS                                   XIII - 17

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

DATE  3-5-97

NAME